UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


IN RE:           WHITE INSURANCE AND ASSOCIATES, INC., PETITION
                 FOR DISCLOSURE OF GRAND JURY MATERIALS RELATED TO
                 CASE NO.'S 2:20-cr-00146 and 2:20-cr-00147

                          Miscellaneous Action No. 2:23-mc-00128


<u>MEMORANDUM OPINION AND ORDER</u>

        Pending before the court is a "Petition . . . Pursuant
to Rule 6(e) of the Federal Rules of Criminal Procedure for
Disclosure of Certain Grand Jury Materials Related to Cases
2:20-CR-00146 and 2:20-CR-00147" (ECF 1), filed on May 17, 2023,
by petitioner White Insurance & Associates, Inc.  ("White
Insurance"), and a Motion to Dismiss White Insurance's Petition,
(ECF 28) filed on July 13, 2023, by the United States of America
("government"), to which White Insurance responded (ECF 32) on
August 4, 2023, and the government filed a reply (ECF 33) on
August 10, 2023.  Also pending is a "Motion for Expedited
Consideration of Petition," filed by White Insurance on May 26,
2023.  ECF 6-1.

## I.   Background

This petition arises from a criminal investigation and prosecution carried out by the government against Misty Brotherton-Tanner and her mother Lois Brotherton.[1]  During its investigation, the government learned Ms. Brotherton-Tanner stole over $500,000 from three companies, including White Insurance, for whom she was employed as a bookkeeper and tax preparer.  See Crim. Case No. 2:20-cr-00146, ECF 46 at ¶ 1.  Ms. Brotherton-Tanner was indicted for twelve counts of wire fraud (Counts 1–12), two counts of aggravated identity theft (Counts 13-14), two counts of unlawful monetary transactions (Counts 15–16), and one count of false statement (Count 17).  Crim. Case No. 2:20-cr-00146, ECF 1.

On April 13, 2021, Ms. Brotherton-Tanner pled guilty to two counts of wire fraud (Counts 5-6) and one count of unlawful monetary transaction (Count 15).  See Crim. Case No. 2:20-cr-00146, ECF 36, 37.  The court sentenced Ms. Brotherton-Tanner to thirty-three months imprisonment on all three counts

---

[1] Ms. Brotherton-Tanner was prosecuted in criminal case number 2:20-cr-00146.  Ms. Brotherton was prosecuted in criminal case number 2:20-cr-00147.  Unless otherwise noted, cites to the record refer to the miscellaneous matter presently before the court.

to be served concurrently.  Crim. Case No. 2:20-cr-00146, ECF 49.[2]

        As a result of Ms. Brotherton-Tanner's crimes, federal and state taxes which should have been paid on behalf of White Insurance, went unpaid.  See Crim. Case No. 2:20-cr-00146, ECF 46 at ¶ 11.  In its petition, White Insurance avers Ms. Brotherton-Tanner embezzled over $500,000 from it.  ECF 1 at ¶ 7.  The government has calculated that Ms. Brotherton-Tanner owes $476,804.67 in restitution to White Insurance.  Crim. Case No. 2:20-cr-00146, ECF 41 at 3.

        According to White Insurance, because of Ms. Brotherton-Tanner's embezzlement of funds intended to pay employee payroll and other taxes, the IRS "is now attempting to . . . collect these monies from White [Insurance] and to also assess penalties and interest against it due to nonpayment of those taxes."  ECF 1 at ¶ 6.  In addition to "'at least' $582,696 Defendants stole" from White Insurance the IRS is also seeking "to recover an additional $1,142,434.41 from White [Insurance] and has filed Federal Tax Liens against it in Kanawha County."  Id. at ¶ 7.  White Insurance also reports that

---

[2] In criminal case number 2:20-cr-00147, Ms. Brotherton pled guilty to one count of wire fraud conspiracy and was sentenced to five years of probation.  See Crim. Case No. 2-20-cr-00147, ECF 37.

along with the collection efforts from the IRS, another victim
of Ms. Brotherton-Tanner's fraud, Viking Video and Music, Inc.,
has filed suit against White Insurance and others in the Circuit
Court of Kanawha County, West Virginia (Case Number 21-c-1134).
ECF 1 at ¶ 20.

White Insurance's "Petition . . . for Disclosure of
Certain Grand Jury Material" is filed pursuant to Federal Rule
of Criminal Procedure 6(e)(3)(E)(i) which states in relevant
part that:

> (E)  The court may authorize disclosure — at a time,
> in a manner, and subject to any other conditions that
> it directs — of a grand-jury matter:
>
> > (i) preliminarily to or in connection with a
> > judicial proceeding.

Fed. R. Crim. P. 6(e)(3)(E)(i).  The petition seeks the
disclosure of two sets of documents White Insurance claims will
be of assistance in defending the claims brought by the IRS for
unpaid taxes and in defending the claims brought by Viking Video
and Music in the Kanawha County action.  ECF 1 at ¶¶ 19-20.

The first set of documents sought is White Insurance's
"business information maintained by Brotherton-Tanner in her
QuickBooks software."  Id. at ¶¶ 10-12.  White Insurance avers
that "QuickBooks was central to Brotherton-Tanner's scheme and
White's business information contained on the QuickBooks records

4

are critical in determining the amounts stolen." Id. ¶ at 11.
The second set of documents are bank account records of White
Insurance which it contends "are important pieces of evidence to
document and verify the amounts stolen and their correlation to
the taxes Misty Brotherton-Tanner did not pay." Id. at ¶ 13.
White Insurance asserts that both sets of documents were
obtained by the government via grand jury subpoenas issued to
others in the prosecution of Ms. Brotherton-Tanner, except for a
few bank statements for the most recent year that were still in
the hands of White Insurance. Id. at ¶¶ 9, 12; Decl. of Lisa
White, ECF 1-4 at ¶ 15.

        The government opposes disclosure of these documents
and has filed a motion to dismiss the petition (ECF 28).  The
government asserts several grounds supporting dismissal
including: (1) lack of subject matter jurisdiction, (2)
sovereign immunity, (3) White Insurance's failure to comply with
applicable federal regulations, and (4) the bar of disclosure by
Rule 6(e).  See ECF 29.

        White Insurance's response in opposition contends that
this court does have subject matter jurisdiction over this
matter and that the government is not protected by sovereign
immunity inasmuch as the current action is not brought against
the government nor is it a request for documents from the

government.  White Insurance also asserts that the federal regulations cited by the government are inapplicable, and that Rule 6(e) does permit disclosure of the requested documents. See ECF 32.

The government's reply first claims that "[t]he United States did not subpoena any bank records relating to petitioner" and asserts that request for relief is moot.  ECF 33 at 1.  In support of this contention, the government has attached to its reply the declaration on August 9, 2023, of James F. Lafferty II, FBI Supervisory Special Agent.  ECF 33-1.  Agent Lafferty's declaration states, "[n]o bank records of White Insurance and Associates, Inc., were subpoenaed as part of that investigation. The substantive bank account records that were received pursuant to a grand jury subpoena were those of the defendants involved in the criminal actions."  Id. at ¶ 4.

However, in an email chain between Agent Lafferty and counsel for White Insurance from February 17, 2023, through February 21, 2023, Agent Lafferty states "[a]ll Quickbooks records for White Insurance . . . were obtained through a federal grand jury subpoena" and in a later email in the same email chain, when responding to a question from White Insurance's counsel on whether White Insurance's bank account records were "also obtained via subpoena as well," Agent

Lafferty answers, "[a]ll substantive bank account records were obtained via subpoena as well." <u>See</u> ECF 1-6.  While the initial reference plainly relates to a federal grand jury subpoena to obtain the QuickBooks records, the subsequent reference to the bank account records simply mentions an undefined subpoena though in context it could be considered to refer to a grand jury subpoena "as well."

The government then re-asserts that White Insurance's request is governed by certain federal regulations and that the request for the QuickBooks data should be denied inasmuch as White Insurance has other means to access the data; that is, the QuickBooks data may be available by serving a subpoena on Intuit, the custodian of the QuickBooks data, and the bank records can be obtained from Truist Bank (though, due to the Bank's retention policy, only the most recent years are still available and at a cost of $10,000).

II.  Governing Standard

"The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." <u>Douglas Oil Company of California v. Petrol Stops Northwest</u>, 441 U.S. 211, 218 (1979).  The Court has outlined "several distinct

interests served by safeguarding the confidentiality of grand jury proceedings." <u>Id.</u> at 219. These interests include ensuring witnesses voluntarily provide full and frank testimony before the grand jury and to ensure that the target of the grand jury investigation will not flee or try to influence individual grand jurors. <u>Id.</u> Also, by preserving the secrecy of the proceedings, courts "assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." <u>Id.</u>; <u>see</u> <u>also</u> <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 681-82 n.6 (1958).

Because of these interests, courts are "reluctant to lift unnecessarily the veil of secrecy from the grand jury." <u>Id.</u> However, "it has been recognized that in some situations justice may demand that discrete portions of [grand jury materials] be made available for use in subsequent proceedings." <u>Id.</u>

Rule 6(e)(3)(E) provides a court with the authority to order the disclosure of grand jury materials in several instances including "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Documents, as well as transcripts of oral testimony are "grand jury matters" which come within Rule 6's prohibition against disclosure. <u>See</u> <u>United States v. Penrod</u>, 609 F.2d 1092 (4th

Cir. 1979); <u>United States v. Interstate Dress Carriers, Inc.</u>,
280 F.2d 52 (2d Cir. 1960); <u>United States v. 6918 North Tyron
Street, Charlotte, N.C.</u>, 672 F.Supp. 890 (W.D. N.C. 1987).

Before breaching the secrecy of the grand jury, a
party seeking disclosure must,

> show that the material they seek is needed to avoid a
> possible injustice in another judicial proceeding,
> that the need for disclosure is greater than the need
> for continued secrecy, and that their request is
> structured to cover only material so needed.

<u>Douglas Oil Co.</u>, 441 U.S. at 222.  Along with satisfying the
<u>Douglas Oil</u> standard, parties seeking disclosure must also show
a particularized need for the grand jury materials before
disclosure will be permitted.  <u>United States v. Sells
Engineering, Inc.</u>, 463 U.S. 418, 443 (1983); <u>Procter & Gamble
Co.</u>, 356 U.S. at 682 (disclosure of grand jury material may be
done only if there is a "compelling necessity" which is "shown
with particularity").  When considering whether to order
disclosure, "[i]t is . . . clear that as the considerations
justifying secrecy become less relevant, a party asserting a
need for grand jury [materials] will have a lesser burden in
showing justification."  <u>Sells Engineering, Inc.</u>, 463 U.S. at
443 (quoting <u>Douglas Oil Co.</u>, 441 U.S. at 223).  Courts are
afforded "substantial discretion" when determining if disclosure

is appropriate and must "weigh carefully the competing interests in light of the relevant circumstances." Id. (quoting Douglas Oil Co., 441 U.S. at 223); United States v. John Doe, Inc. I, 481 U.S. 102, 116 (1987) ("[W]e have repeatedly stressed that wide discretion must be afforded to district court judges in evaluating whether disclosure is appropriate.").

### III.   Analysis

#### a.   Subject Matter Jurisdiction

The government first asserts that dismissal of White Insurance's petition is appropriate inasmuch as the "petition is devoid of any allegations that this Court has subject matter jurisdiction." ECF 29 at 3.  In opposition, White Insurance claims that the government's position is "directly counter to the explicit grant of authority in Rule 6(e), the Court's prior rulings . . . and well established law that an independent petition is the proper way to seek release of such materials." ECF 32 at 2.

Federal district courts are courts of limited subject-matter jurisdiction, possessing "only the jurisdiction authorized them by the United States Constitution and by federal statute." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d

337, 347 (4th Cir. 2008).  A pleading which "states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1). Even "in the absence of an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  <u>Pinkley, Inc. v. City of Frederick</u>, 191 F.3d 394, 399 (4th Cir. 1999).

A party may challenge subject matter jurisdiction in one of two ways.  First, a party may argue "that a complaint simply fails to allege facts upon which subject matter can be based," or a party may contend "that the jurisdictional allegations of the complaint [are] not true."  <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982).  When the existence of subject matter jurisdiction is challenged "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999); <u>see also</u> <u>Richmond, Fredericksburg, & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991).  If subject-matter jurisdiction is lacking, the claim must be dismissed.  <u>See</u> <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 506 (2006).

White Insurance states its petition is being brought "pursuant to Rule 6(e) of the Federal Rules of Criminal

Procedure . . . ."  ECF 1 at 1.  While the remainder of the
petition lays out the background of the prosecution of Ms.
Brotherton-Tanner, a description of the materials sought, and
argument as to why disclosure is proper under Rule 6(e), the
petition is devoid of any reference to a federal statutory basis
for the court's jurisdiction.  See id. at ¶¶ 1-36.

The court first begins with Rule 6(e) which states in
relevant part "[a] petition to disclose a grand-jury matter
under Rule 6(e)(3)(E)(i) must be filed in the district where the
grand jury convened."  Fed. R. Crim. P. 6(e)(3)(F).  Rule 6(e)
clearly contemplates the filing of a petition in the proper
federal district court which seeks the disclosure of grand jury
material.

White Insurance has pled sufficient facts to present
an issue of federal law – whether disclosure of the sought after
materials is permitted by Rule 6(e) - but White Insurance's
petition is devoid of any reference to a statute which confers
jurisdiction on the court.  White Insurance's statement that the
petition is being brought under "Rule 6(e)" is insufficient to
provide the court with subject matter jurisdiction.  See e.g.,
Fed. R. Civ. P. 82 ("These rules do not extend . . . the
jurisdiction of district courts . . . .");  Kenrose Mfg. Co.,
Inc. v. Fred Whitaker Co., Inc., 512 F.2d 890, 893 (4th Cir.

1972) ("By express provision the [Federal Rules of Civil Procedure] are not to be read as a source of jurisdiction."). Despite this, the court finds that White Insurance has sufficiently pled facts to support subject matter jurisdiction and that the court has jurisdiction over the petition.

In similar circumstances in <u>Jaskolski v. Daniels</u>, 427 F.3d 456 (7th Cir. 2005) (Easterbrook, J.), the court found it had subject matter jurisdiction over a dispute involving the disclosure of material allegedly protected by Rule 6(e), despite the complaint's failure to state a proper basis for subject matter jurisdiction.

After a state court judge ordered the disclosure of material believed to be protected from disclosure by Rule 6(e), the party from whom disclosure was sought filed suit in federal district court seeking injunctive relief to prevent the disclosure of materials presented to the grand jury in a concluded criminal proceeding.  <u>Id.</u> at 458-59.  Before reaching the merits, Judge Easterbrook, writing the opinion for the court, analyzed whether a federal court had subject matter jurisdiction over the matter.  <u>Id.</u> at 459-460.  The court noted that the complaint alleged federal subject matter jurisdiction existed under 28 U.S.C. § 1331; however, while "[a]n <u>issue</u> depended on federal law," no claim in the complaint arose under

13

the Constitution, laws or treaties of the United States as required for jurisdiction to be conferred by § 1331.  Id. at 459 (emphasis in original).

Even though the complaint for injunctive relief provided an improper basis for subject matter jurisdiction, the court found jurisdiction existed under 18 U.S.C. § 3231 which states in relevant part that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.  The court found inasmuch as § 3231 provides federal courts with jurisdiction over federal criminal prosecutions, "[q]uestions about the propriety of releasing grand jury materials for use in other litigation . . . come within the federal criminal tribunal's ancillary jurisdiction."  Jaskolski, 427 F.3d at 460.

As in Jaskolski, the petition filed by White Insurance fails to cite to proper authority to invoke the court's subject matter jurisdiction.  Yet, the allegations in White Insurance's petition clearly raise a federal issue and in order to determine whether disclosure of grand jury material should be released pursuant to Rule 6(e), subject matter jurisdiction is conferred by 18 U.S.C. § 3231.

14

b.    _Touhy_ Regulations and Sovereign Immunity

Next, the government argues that White Insurance's petition should be dismissed inasmuch as White Insurance has failed to comply with the _Touhy_[3] regulations found in 28 C.F.R. §§ 16.21—16.29.  The _Touhy_ regulations set forth the Department of Justice's regulations concerning: (1) instances when these regulations are applicable, (2) the procedure a party seeking the production or disclosure of material contained in DOJ files must follow, and (3) considerations DOJ officials should use in determining whether production or disclosure should be made.

The court finds the government's reliance on the _Touhy_ regulations to be misplaced.  First, the government has failed to provide the court with any case where a court analyzed the interplay between a request made under Rule 6(e) and the _Touhy_ regulations.  Instead, the cases relied upon by the government are distinguishable from the case at hand.  In all those cases cited by the government, subpoenas were directed towards various government agencies seeking either testimony from government

---

[3]  The _Touhy_ regulations cited by the government originated from the holding in _United States ex rel. Touhy v. Ragen_, 340 U.S. 462 (1951), wherein the Court held that a government employee may properly resist a subpoena duces tecum, if done in accordance with a superior's orders and if done in accordance with a promulgated regulation.

employees or documents retained by the agency.  **See e.g.**, **Kasi v. Angelone**, 300 F.3d 487 (4th Cir. 2002); **Smith v. Cromer**, 159 F.3d 875 (4th Cir. 1998); **Boron Oil Co. v. Downie**, 873 F.2d 67 (4th Cir. 1989); **United States v. Soriano-Jarquin**, 492 F.3d 495 (4th Cir. 2007); **COMSTAT Corp. v. National Science Foundation**, 190 F.3d 269 (4th Cir. 1999); **Adler v. United States Department of Justice**, 18 Civ. 2188, 2018 WL 4571677 (S.D.N.Y. Sept. 24, 2018).  None of these cases involve a request for the disclosure of grand jury material pursuant to Rule 6(e).

Lastly, the government has provided no authority to support expanding the application of the **Touhy** regulations to requests by petition to the United States District Court made pursuant to Rule 6(e).  The government does cite to a single subsection of the **Touhy** regulations that specifically references Rule 6(e).  28 C.F.R. § 16.26(b)(1), the section cited by the government, states in relevant part,

> (b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:
>
> > (1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e) . . .

28 C.F.R. § 16.26(b)(1).  Indeed, prior to filing this petition, White Insurance sought the same materials from the Office of the United States Attorney for the Southern District of West Virginia, which denied the request in part based on Rule 6(e). See ECF 28-1.

White Insurance's current request for the disclosure of the sought after material is by petition to the United States District Court which under Rule 6(e) then becomes the body to make the determination as to whether an applicable exception to Rule 6(e) is present.  If the court were to determine that the subject material falls within the exception for grand jury material sought "preliminarily to or in connection with a judicial proceeding," there would be no violation of Rule 6(e) and 28 C.F.R. § 16.26(b)(1) would not come into play.

Finally, the court finds the government's claim that sovereign immunity shields it from the present action to be unavailing.  That claim stands unsupported in this circumstance by any authority advanced by the government.  Moreover, Rule 6(e) specifies that "an attorney for the government" be provided with service of the petition so it may set forth its position on the request.  Fed. R. Crim. P. 6(e)(3)(F)(i).

17

c.   Disclosure under Rule 6(e)

The court next considers whether disclosure of the grand jury materials sought is permitted under Rule 6(e) and the standard devised by the Court in <u>Douglas Oil Co.</u>, 441 U.S. 211, and its progeny.

The first set of documents sought is White Insurance's "business information maintained by Brotherton-Tanner in her QuickBooks software." ECF 1 at ¶¶ 10-12.  White Insurance avers that "QuickBooks was central to Brotherton-Tanner's scheme and White's business information contained on the QuickBooks records are critical in determining the amounts stolen." <u>Id.</u> ¶ at 11. The second set of documents are White Insurance's bank account records, which it contends "are important pieces of evidence to document and verify the amounts stolen and their correlation to the taxes Misty Brotherton-Tanner did not pay." <u>Id.</u> at ¶ 13. White Insurance asserts that both sets of documents were obtained by the government via grand jury subpoenas in the prosecution of Ms. Brotherton-Tanner, except for a few bank statements for the most recent year that were still in the hands of White Insurance.  <u>Id.</u> at ¶¶ 9, 12; Decl. of Lisa White, ECF 1-4 at ¶ 15.

In order for the court to permit the disclosure of materials protected by Rule 6(e), White Insurance must be able to show inter alia that disclosure is being sought "preliminarily to or in connection with a judicial proceeding" and that a particularized need exists for the materials sought. See Douglas Oil Co., 441 U.S. at 222; Sells Engineering Inc., 463 U.S. 418 (1983).

In United States v. Baggot, 463 U.S. 476 (1983), the Court for the first time addressed in detail the exception that disclosure of protected grand jury materials be made "preliminarily to or in connection with a judicial proceeding." Id. at 479. In analyzing this requirement, the Court reasoned that,

> it is not enough to show that some litigation may emerge from the matter in which the material is used, or even that litigation is factually likely to emerge. The focus is on the actual use to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under (C)(i)[4] is not permitted.

---

[4] At that time, Rule 6(e)(3)(C)(i) allowed for a court to order the disclosure of grand jury material "when so directed by a court preliminarily or in connection with a judicial proceeding." Subsequently the rules were amended and the preliminarily to or in connection with a judicial proceeding exception was moved to subsection 6(e)(3)(E)(i).

Id. at 480 (emphasis in original).  When applying this principle the Court in Baggot concluded that disclosure of grand jury materials to the IRS for conducting a civil audit was not "preliminarily to or in connection with a judicial proceeding," inasmuch as "the primary use to which the IRS proposes to put the materials it seeks is an extrajudicial one – the assessment of a tax deficiency by the IRS."  Id. at 481.

The court finds that allowing for disclosure of the sought after materials in the collection action being pursued by the IRS against White Insurance is not "preliminarily to or in connection with a judicial proceeding."  Similar to the circumstances in Baggot, White Insurance's claim remains before the IRS, and unlike in In re Grand Jury Proceedings (Miller Brewing Co.), 687 F.2d 1079 (7th Cir. 1982), a case discussed in Baggot, the IRS has not issued White Insurance a notice of deficiency.  Indeed, in support of its petition, White Insurance has attached a letter its counsel received from Curtis M. Megyesi, Appeals Officer, with the IRS' Independent Office of Appeals who is handling White Insurance's matter.  See ECF 1-9. In this letter Mr. Megyesi notes that "[o]ur decision is not subject to review by any court."  Id. at 3.

Remaining for consideration is whether White Insurance's involvement in the Kanawha County Circuit Court

action merits disclosure of the grand jury materials "in
connection with a judicial proceeding."

Along with the grand jury materials being sought "in
connection with a judicial proceeding," there must be a
particularized need for these materials in the Kanawha County
action.[5]  White Insurance states in its petition that "[t]he
general allegation in that suit is that Brotherton-Tanner also
stole money from Viking Video and used it in such a way that
White [Insurance] allegedly benefited from it.  The business
information White [Insurance] seeks is potentially relevant to
the matters at issue in this case."  ECF 1 at 6-7 (footnote
omitted).  In addition to making this statement, White Insurance
has attached as an exhibit to its petition, a copy of the docket
from the Kanawha County case (ECF 1-10) and a five-page
declaration from Lisa White, a shareholder of White Insurance,
which merely states at the end of the declaration that the
information sought is "potentially relevant [to] our defense in
the lawsuit we are involved in in Kanawha County, West Virginia"
(Decl. of Lisa White, ECF 1-4 at ¶ 21).

---

[5]  Inasmuch as the IRS collection action does not satisfy the
"preliminarily to or in connection with a judicial proceeding"
requirement, it is of no consequence that White Insurance has
arguably shown a particularized need for disclosure of the
sought after materials in that action.

A review of the Kanawha County docket sheet provided by White Insurance fails to provide the court with any information on how the sought after grand jury materials could be relevant to the issues or used by White Insurance in the state court action.  While both White Insurance in its petition and Lisa White in her attached declaration state that the grand jury materials could "potentially" be relevant to an issue in the Kanawha County action, there is no allegation or elaboration on what the potentiality may be or to what issue it relates. Although the need for continued secrecy with respect to the QuickBooks data and the bank records in the concluded criminal cases appear to be at a low ebb, the lack of a particularized need for the use of those items in the Viking Video case is fatal to the petition which requests that the grand jury material be disclosed "in connection to a judicial proceeding."


### IV.   Conclusion

In light of the foregoing, the court finds that the petition of White Insurance fails to warrant disclosure of the requested grand jury materials under Rule 6(e).  Accordingly, the court ORDERS as follows:

1. **The government's Motion to Dismiss (ECF 28) is GRANTED.**

2. **White Insurance's petition for the disclosure of grand jury material (ECF 1) is DENIED.**

3. **White Insurance's "Motion to File Motion to Expedite Under Seal" (ECF 6) is GRANTED.**

4. **White Insurance's "Motion for Expedited Consideration of Petition" (ECF 6-1) is DENIED as MOOT.**

**The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.**

ENTER: October 26, 2023

John T. Copenhaver, Jr.
Senior United States District Judge

23